# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEX DUNCAN, | ) |
| | ) Civil Action No. 12 - 1717 |
| Plaintiff, | ) |
| | ) District Judge David S. Cercone |
| v. | ) Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) |
| MICHAEL COLEMAN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that this action be dismissed for Plaintiff's failure to prosecute and to follow the Court's Order to complete the Authorization to permit withdrawal of funds from his prisoner account, or to otherwise pay the filing fee.

**II.    REPORT**

Plaintiff, proceeding *pro se*, initiated this prisoner civil rights action on November 23, 2012, pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. Together with the Complaint, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis*. (ECF No. 1.) The Prison Litigation Reform Act, 28 U.S.C. § 1915(b) as amended April 26, 1996, requires that prisoners who cannot pay the full filing fee immediately, submit an initial partial filing fee and the balance in installment payments. Plaintiff's Motion to Proceed *in forma pauperis* was denied as insufficient on December 12, 2012. (ECF No. 3.) He then submitted a proper Motion (ECF No. 5) that was granted on January 7, 2013 (ECF No. 6). In that Order, the Court directed Plaintiff to

1

authorize the withdrawal of funds from his prisoner account in order to make payments consistent with the PLRA. The Court enclosed a copy of the Authorization for Plaintiff to sign and return and directed Plaintiff to "either authorize the payments or withdraw this action within 20 days." (ECF No. 6.) The Order was mailed to Plaintiff at his address of record. Plaintiff thereafter moved for and was granted an extension of time to file the Authorization. (ECF No. 9; Text Order dated February 8, 2013.) After not having received the Authorization within the allowed time, the Court ordered Plaintiff to show cause why a Report should not be issued recommending dismissal of this action for failure to prosecute and to follow Court orders. Plaintiff was ordered to respond no later than April 4, 2013. As of the date of this Report, however, Plaintiff has failed to respond to the order, submit the Authorization or otherwise pay any portion of the filing fee. He has also failed to return a signed notice of the withdrawal of this action. Because the Court will not direct the prison to withdraw money from Plaintiff's institutional account and pay it to the Court until Plaintiff authorizes such withdrawal, the initial partial filing fee in this case will never get paid.

A district court has inherent power to dismiss a complaint, *sua sponte*, under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to comply with an order of court. Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b)."); Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). Furthermore, a court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. *See* Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by* Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516 (2007). In

exercising that discretion, a district court should, to the extent applicable, consider the six factors identified in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 868 (3d Cir. 1984), when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

In Poulis, the Third Circuit Court of Appeals set forth the following six factors to be weighed in considering whether dismissal is proper:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868 (emphasis omitted). These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Consideration of these factors follows.

1. The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter *pro se*. There is no indication that he failed to receive the order directing him to complete and return the Authorization or the Order to Show Cause issued on March 14, 2013. The responsibility for his failure to comply is Plaintiff's alone.

2. Prejudice to the adversary.

In Poulis, prejudice was found to exist where the adversary was required to prepare and file motions to compel answers to interrogatories. In this case, Defendants have not yet been

required to respond to the Complaint and, accordingly, have not suffered specific prejudice other than that caused by general delay.

    3.   <u>A history of dilatoriness.</u>

Plaintiff has made no effort to move this case forward and has ignored this Court's Order dated March 14, 2013. This is sufficient evidence, in the Court's view, to indicate that Plaintiff does not intend to proceed with this case in a timely fashion.

    4.   <u>Whether the party's conduct was willful or in bad faith.</u>

There is no indication on this record that Plaintiff's failure was the result of any excusable neglect. Thus, the conclusion that his failure is willful is inescapable.

    5.   <u>Alternative sanctions.</u>

Plaintiff is proceeding *pro se* and *in forma pauperis*. Thus, it is likely that any sanction imposing costs or fees upon him would be ineffective.

    6.   <u>Meritorious of the claim or defense.</u>

Plaintiff alleges that in April 2012, he was taken to the hospital after having fallen ill at the prison. He was told by doctors that he had ulcer tumors on his lungs from having inhaled something in the air while in the prison. After being returned to the prison, Plaintiff had trouble breathing and again fell ill. He complains that it took nurses over two hours to come to his aid and nothing was done for him at the prison infirmary. After being moved to general population, Plaintiff submitted a sick call slip and was seen by Defendants Physician Assistant Michelle and Doctor Herbik. He was allegedly kept in medical for eight days and was given IVs for three days. He complains that this was the only treatment he received. This factor weighs neither for nor against dismissal.

The majority of the Poulis factors weigh in favor of dismissal. Accordingly, it is respectfully recommended that this action be dismissed for Plaintiff's failure to prosecute and follow a Court order.

## III. **CONCLUSION**

For the reasons set forth above, it is respectfully recommended that this action be dismissed for Plaintiff's failure to prosecute and to follow the Court's Order to complete the Authorization to permit withdrawal of funds from his prisoner account, or to otherwise pay the filing fee.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, Plaintiff shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Plaintiff's failure to file timely objections will constitute a waiver of his appellate rights.

Dated: April 29, 2013

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Alex Duncan
JK-5167
SCI Fayette
P.O. Box 9999
LaBelle, PA 15450-0999